CARTERET LODGE v. JOHN T. IJAMES ET AL.

(Filed 4 October, 1911.)

1. Injunction — Cutting Timber — Insolvency — Allegations — Good Faith—Practice.

   A restraining order to prevent the defendant from cutting timber should be continued to the hearing of the cause when the plaintiff shows an apparent title to the lands and satisfies the court that his claim is made in good faith; and an allegation of insolvency is not now required. Revisal, secs. 806, 807, 808, 809.

2. Same—Evidence.

   The plaintiff seeks in its action to enjoin the defendant's cutting timber upon certain lands, claiming title under a certain deed. There was conflicting evidence upon the plaintiff's claim of possession of the land through their tenants, agents, and employees for a long period of time, and as to whether the deed or the possession of plaintiffs covered the *locus in quo: Held*, that as the plaintiff's claim clearly appeared to have been made in good faith and an apparent title was established, the restraining order should be continued to the hearing.

APPEAL from CRAVEN from an order of *Ferguson, J.,* made at New Bern, in May, 1911, continuing a restraining order to the hearing.

Civil action heard on motion to dissolve a restraining order, issued to prevent the cutting of timber by defendant, on lands alleged to belong to plaintiff. There was judgment continuing the restraining order to the hearing, and defendant excepted and appealed.

*F. L. Fuller and Guion & Guion for plaintiff.*

*W. D. McIver, E. H. Gorham, C. R. Wheatley, and Abernethy & Davis for defendants.*

HOKE, J. The statutes of the State, in reference to cases of this character, Revisal, secs. 806, 807, 808, 809, as construed and interpreted by the Court, are to the effect that when a litigant shows an apparent title and satisfies the court that his claim is made in good faith, the restraining order will be continued to the hearing; and there is special provision made that an allegation of insolvency on the part of the defendant, to that time usually regarded as essential, is no longer required. The purpose and policy of this legislation are well stated by *Associate Justice Brown* in *Moore v. Fowle,* 139 N. C., 52, as follows: "The rapidly increasing value of timber trees doubtless prompted the Legislature of 1885 to enact chapter 401, but the efficacy of this act was diminished by the general practice of permitting the defendant to give bond and to cut the timber *pendente lite,* or otherwise to appoint a receiver and permit the rental value or stumpage to be paid to him. The Legislature of 1901 has thrown greater safeguards around the rights of such litigants, and now, when the plaintiff satisfies the judge that his claim is *bona fide,* and that he can show an apparent title to the timber, the judge should not dissolve the injunction, but continue it until the title can be finally determined."

In same opinion it is further said: "On such hearings the title is not required to be proved with that strictness and certainty as upon the trial"; and there are several decisions of

the Court in accord with the position. *Lumber Co. v. Cedar Co.,* 142 N. C., 418; *Alleghany Co. v. Lumber Co.,* 131 N. C., 6. Applying the principle, we are of opinion that his Honor made a correct ruling in continuing the restraining order to the hearing. As the case goes back for trial, we do not consider it desirable to make any detailed statement of the relevant facts in evidence, but speaking generally, a perusal of the testimony will disclose that in August, 1891, one N. M. Jurney and wife executed to plaintiff a deed for a large body of land in Carteret County and purporting to cover the *locus in quo* by metes and bounds, and the evidence on part. of plaintiff tended to show that said plaintiff, through its tenants, agents, and employees, had been in the continuous possession and occupation of the property from the date of the deed. There were several affidavits on the part of plaintiff from which it was made to appear further that this deed from Jurney covered the same property that had formerly belonged to David S. Jones and his son, Julius F. Jones, under whom the plaintiff claimed, and that these parties occupied the land since 1851, under deeds describing same, not by course and distance, as in the Jurney deed, but by natural boundaries, stated in the deeds and which would accord with the descriptions in the Jurney deeds and cover the same land. There was much evidence on part of defendant controverting these allegations and tending to show that plaintiff's deeds, prior to the Jurney deed, did not cover the land in controversy, and further that neither before nor since said deed had there been any such occupation and possession by plaintiff or its agents as would serve to mature the title; but it clearly appears, as stated, that the claim of plaintiff is made in good faith and with sufficient evidence, tending to show title, to require that the restraining order be continued to the hearing. The judgment of his Honor to that effect is therefore

Affirmed.